CHANDLER, Justice,
dissenting:
¶ 32. The jury instructions in this case did not correctly announce the applicable law. Instead, an erroneous aggravated-assault jury instruction allowed the jury to find Jones guilty upon a finding that Taylor had acted individually. Reading the jury instructions as a whole, the other instructions did not cure the error — at best, the jury was left with conflicting and confusing instructions. Under these circumstances, there can be no confidence in the jury’s verdict. Therefore, I respectfully dissent. I would reverse and remand for a new trial at which the jury would be correctly instructed.
¶ 33. The jury was given the following instruction on the elements of aggravated assault:
The defendants, Eddie Ray Jones and Henry Taylor a/k/a “Main” have been charged by indictment with the crimes of aggravated assault and possession of a firearm by a convicted felon.
In Count I, if you believe from the evidence in this case beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence that:
(1) On or about March 22, 2007, the defendants, Eddie Ray Jones and Henry Taylor a/k/a “Main,” individually or while aiding and abetting and/or acting in concert with each other, did purposely, knowingly or recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious bodily injury to Camisha Cleveland, and
(2) said injury was caused by shooting into the street or traffic thereby hitting Camisha Cleveland causing injury to the right side of her head and/or right ear, then you shall find the defendants Eddie Ray Jones and Henry Taylor, guilty of aggravated assault in Count I.
If the State has failed to prove any one or more of the above elements beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence, then you shall find the defendants not guilty in Count I.
(Emphasis added.) As emphasized by the italicized language, this jury instruction directed the jury to find Jones guilty even if it found that Taylor had acted individually.
¶ 34. “[T]he main ‘purpose of jury instructions is to tell the jury what facts they have to find and who has the burden of proving or disproving those facts.’” Neal v. State, 15 So.3d 388, 397 (Miss.2009) (quoting Hams v. State, 861 So.2d 1003, 1016 (Miss.2003)). “This Court reads jury instructions as a whole and not in isolation.” Harden v. State, 59 So.3d 594, 608 (Miss.2011). If, so read, “the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Williams v. State, 803 So.2d 1159,1161 (Miss.2001).
¶ 35. The aggravated-assault instruction erroneously instructed the jury to find Jones guilty upon a finding that Taylor had acted individually. Although the aiding-and-abetting jury instruction approved by this Court in Milano v. State was given at the State’s request, this instruction did not negate the effect of the erroneous aggravated-assault instruction. See Milano v. State, 790 So.2d 179, 185 (Miss.2001). The aiding-and-abetting instruction provided, in pertinent part:
Before any defendant may be held criminally responsible for the acts of *652 others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.
[[Image here]]
In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.
While the aiding-and-abetting instruction informed the jury that, to find guilt, the defendant had to participate in the commission of the offense, the aggravated-assault instruction told the jury to find Jones guilty even if it found Taylor had acted individually. Thus, the two jury instructions conflicted. “When a jury is given instructions which are in hopeless conflict this Court is compelled to reverse because it cannot be said that the jury verdict was founded on correct principles of law.” Johnson v. State, 908 So.2d 758, 764 (Miss.2005). Because the aggravated-assault instruction and the aiding-and-abetting instruction were in hopeless conflict, the jury verdict was not founded on correct legal principles.
¶36. Further confusion resulted when the trial court explained to the jury just prior to instructing it: “[w]e’ve got three charges. [Taylor and Jones] are charged with Ag[gravated] Assault, and that will be either guilty or not guilty for two defendants, and then you’ve got an individual charge of possession of a firearm.” (Emphasis added.) Then, during the trial court’s reading of the form of the verdict instruction, the court explained “[Taylor and Jones] are both charged with aggravated assault together — well, in one indictment. Then they individually have possession charges of a firearm.” It is plain that these statements reinforced that the jury could reach one of two possible aggravated-assault verdicts: guilty for both Taylor and Jones, or not guilty for both Taylor and Jones. The form-of-the verdict instruction itself could only have compounded the confusion.
¶ 37. I would find that the granting of the aggravated-assault instruction resulted in plain error. The aggravated-assault instruction erroneously charged the jury to find Jones guilty even if it believed Taylor had acted individually. Reading the jury instructions as a whole, the aiding-and-abetting jury instruction was in hopeless conflict with the aggravated-assault instruction, and the two cannot be reconciled. As succinctly stated by Judge Russell in her dissent for the Court of Appeals, if the jury believed Taylor had acted alone, “the jury instructions negate[d] any opportunity for the jury to acquit Jones of aggravated assault.”
¶ 38. The inconsistent verdicts demonstrate a substantial probability that the jury actually relied on the erroneous instructions. The jury found Jones guilty of aggravated assault but also found he had not possessed a firearm. Logically, the jury must have found that Taylor had fired the shot that struck Cleveland, while Jones was an aider and abettor. But the State presented no evidence besides the testimony that Jones had possessed a gun to support the conclusion that Jones was an aider or abettor. Yet, the jury acquitted Jones of possession of a firearm. Because there was no other evidence supporting the jury’s finding that Jones was an aider or abettor, there is a substantial probability that the jury relied on the erroneous instruction to convict Jones. The jury instructions did not “fairly announce the law of the case,” and they resulted in a mani *653 fest miscarriage of justice. I would reverse and remand for a new trial.
DICKINSON, P.J., KITCHENS AND KING, JJ., JOIN THIS OPINION.